IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Daniel K. McCarthy,                                  Case No. 3:07 CV 3051

         Plaintiff

v.                                                                ORDER

Commissioner of Social Security,

         Defendant

In this appeal, I review defendant Commissioner of Social Security's [Commissioner] final determination that claimant Daniel K. McCarthy was not entitled to a period of disability benefits and Disability Insurance Benefits [DIB] under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423. Magistrate Judge James S. Gallas's Report and Recommendation [Doc. 20] recommended that the Commissioner's decision be reversed and remanded for the award and calculation of benefits.

The Commissioner objects to the Magistrate Judge's Report and Recommendation. [Doc. 21]. For the following reasons, I overrule the Commissioner's objections.

**Background**

1

Daniel K. McCarthy was injured in an industrial accident on February 21, 2001. The ALJ found impairment due to degenerative joint disease of the left knee and right ankle, discogenic disorder of the lumbar spine, borderline intellectual functioning and depressive disorder. The ALJ concluded that McCarthy could not perform his past relevant work and could not perform the full range of sedentary work.

The ALJ asked a vocational expert [VE] to consider a hypothetical individual of McCarthy's age, education, past work experience and residual functional capacity [RFC] and then asked whether such an individual could perform other work. The VE testified that such an individual could perform work at the sedentary exertional and unskilled level, such as a weight tester, *Dictionary of Occupational Titles* [DOT] Job Title 539.485-010; callout operator, DOT Job Title 237.367-014; and hand mounter, DOT Job Title 725.687-018. The VE further testified that there were 170, 250, and 400 of each job in the local economy, respectively. The VE stated that these three jobs were "a sample of the sedentary unskilled positions falling within that hypothetical situation." A.R. 442. The ALJ concluded that because McCarthy could perform a significant number of jobs in the local economy and concluded that McCarthy was not disabled.

At the hearing, McCarthy testified that he completed the ninth grade and went into the tenth grade in special education classes before leaving school. The VE, however, did not note McCarthy's educational level on his schedule; the space for this notation is blank. Further, the ALJ determined that McCarthy was "illiterate", referring to 20 C.F.R. § 404.1564. The ALJ's hypothetical question to the VE, however, did not account for McCarthy's illiteracy.

The Magistrate Judge recommends reversal of ALJ's determination because the positions of call out operator and weight tester require literacy. The VE's testimony concerning the hand

2

mounter position, moreover, was erroneously based on incomplete consideration of McCarthy's educational background and requires literacy. The Magistrate concluded that the ALJ's disability determination was unsupported by substantial evidence and remanded McCarthy's case for an award and calculation of benefits.

### Standard of Review

I review the portions of the Magistrate's Report and Recommendation to which defendant objects *de novo.* 28 U.S.C. § 636(b)(1). In reviewing the Commissioner's decision I only determine whether 1) substantial evidence in the record supports the Commissioner's finding, and 2) the ALJ applied the proper legal standards in reaching his or her decision. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

I "may not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson*, *supra*, 402 U.S. at 401); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1266 (6th Cir.1972)). If substantial evidence supports the ALJ's decision, I must accept it, even if I would decide the matter differently in the first instance. 42 U.S.C. § 405(g) (1998); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard*, *supra*, 889 F.2d at 681 (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In determining whether substantial evidence in support exists, I view the record as a whole,

*Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980), and consider anything in the record suggesting otherwise. *Beavers v. Sec'y of Health Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978).

### Discussion

The Commissioner concedes that the ALJ's reliance on VE testimony was in error because the hypothetical question and the VE's response did not account for McCarthy's illiteracy.

The ALJ's error occurred in Step Five of the sequential analysis. If a claimant is unable to perform any of his past relevant work, the ALJ will make a disability determination in Step Five, the last step, of the sequential analysis. At Step Five, the ALJ must consider the claimant's "present job qualifications, such as age, experience, education and physical capacity" to determine whether claimant retains the capacity to perform a different kind of job. *See Maziarz v. Sec'y of Health & Hum. Servs.,* 837 F.2d 240, 244 (6th Cir. 1987); 42 U.S.C. § 432(d)(2)(A). The ALJ must make a "finding supported by substantial evidence that a claimant has the vocational qualifications to perform specific jobs." *Shelman v. Heckler,* 821 F.2d 316, 320 (6th Cir. 1987). The Commissioner bears the burden of proof at this step. *Her v. Comm'r Soc. Sec.,* 203 F.3d 388, 391 (6th Cir. 1999).

In this case, McCarthy cannot perform either the call out operator or weight tester positions due to his illiteracy. Further, as the Magistrate noted, the described job of hand mounter is inappropriate for McCarthy because it requires literacy and likely greater than a ninth grade education.

The only issue, then, is whether the Magistrate properly recommended remand for an award and calculation of benefits. Defendant Commissioner argues that this court should instead remand for further administrative proceedings to determine whether an individual with McCarthy's vocational profile and residual functional capacity could perform a significant number of jobs

4

existing in the economy. Defendant argues that a remand for further proceedings is proper under sentence four of 42 U.S. § 405(g), which gives the district court "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Secretary, with or without remanding the cause for further hearing."

A district court may order remand for an award of benefits under sentence four of 40 U.S.C. § 405(g) if the "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Facher v. Sec'y Health & Hum. Servs.,* 17 F.3d 171 (6th Cir. 1994). An award of benefits is proper if "proof of disability is overwhelming" or if "proof of disability is strong and evidence to the contrary is lacking." *Id.*

In *Facher,* the Sixth Circuit reversed a district court's decision to remand for an award of benefits under sentence four of § 405(g), concluding that remand for further administrative proceeding was necessary. *Id.* at 176. In *Facher,* the court found three errors below: 1) the ALJ posed a hypothetical question to a vocational expert that did not include all claimant's relevant characteristics; 2) the ALJ improperly relied on the vocational expert's testimony; and 3) the ALJ failed to properly consider "the combined effect of [the claimant's] physical and emotional impairments. *Id.* at 172. In ordering remand for further administrative proceedings, the Sixth Circuit emphasized that "there is conflicting evidence in regard to the severity of plaintiff's emotional impairments," and cited this as a significant reason for further proceedings. *Id.* at 176.

In *Mowery v. Heckler,* 771 F.2d 966, 973 (6th Cir. 1985), the Sixth Circuit ordered a district court to remand an illiterate claimant's case to the Commissioner for an award of benefits without further administrative proceedings. The claimant in this case was illiterate, had a verbal IQ of 66, a performance IQ of 75, and a full scale IQ of 69. *Id.* at 973. The claimant could not perform his

former jobs and could only perform "light or sedentary work." *Id.* The court found that the regulations compelled a conclusion that the individual was disabled without further factfinding. *Id.*

In this case, the record likewise compels a conclusion that McCarthy is disabled. Unlike in *Facher,* there is no disputed factual question about McCarthy's limitations. The ALJ concluded that he was, in fact, illiterate under 20 C.F.R. § 404.1566(b)(1) and the parties do not dispute that he has the educational qualifications of someone with a ninth grade education. McCarthy has a verbal IQ of 66, a performance IQ of 83 and a full scale IQ of 72, cannot perform his past work, and physically can perform only some types of sedentary work. These characteristics closely parallel those of the claimant in *Mowery,* based on which the Sixth Circuit concluded that claimant was disabled. Together, these cases support the Magistrate's recommendation of remand an award and calculation of benefits.

Defendant argues that the court should remand this case to allow the VE to identify additional jobs beyond the "sample" he provided at the hearing. Defendants claim that if the case were remanded, the ALJ could present a new hypothetical question to the VE appropriately accounting for claimant's illiteracy. In response, the VE might list additional jobs existing in significant numbers in the local economy. Defendant cites the VE's statement that the three listed jobs were "a sample of the sedentary unskilled positions falling within that hypothetical situation." A.R. 442.

Further fact-finding proceedings are unnecessary in this case. Given McCarthy's extreme physical, educational, and intellectual limitations, it is unlikely that jobs exist in the national economy that he may perform. Nothing in the hypothetical question that the VE considered precluded him from listing jobs requiring less literacy skill than the three he suggested. The VE

listed no such jobs. It was ALJ's responsibility, further, to gather substantial evidence that McCarthy could perform other jobs existing in substantial numbers in the economy in the first proceeding. The Commissioner presumably seeks more than just a "sample" of the jobs suitable to the claimant. The ALJ had ample opportunity to question the vocational expert, and chose not to ask him to list more than three jobs. Failure to gather appropriate information constitutes reversible error, and the ALJ's error does not justify compelling this claimant to endure further proceedings before receiving the relief he is due. Nothing in *Facher,* moreover, requires remand for further proceedings where the ALJ simply posed the incorrect hypothetical question to the VE; unlike in *Facher,* there is no factual ambiguity in this case for the ALJ to resolve.

## Conclusion

For the foregoing reasons, it is hereby ORDERED THAT:

1. Defendant's objections to the Magistrate Judge's Report and Recommendation be, and the same hereby are overruled;

2. The Magistrate Judge's Report and Recommendation be, and the same hereby is adopted as the order of this court.

So ordered.

<u>s/James G. Carr</u>
James G. Carr
Chief Judge